UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 1:15-CR-39-CLC-SKL |
| v. | ) | |
| | ) | JUDGE COLLIER/LEE |
| ROBERT R. DOGGART, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE & OBJECTION TO GOVERNMENT'S MOTION FOR STAY AND REVOCATION OF MAGISTRATE LEE'S RELEASE ORDER**

COMES NOW, the Defendant, Robert R. Doggart, by and through counsel, who hereby files this Response & Objection to the Government's Motion for Stay and Revocation of Magistrate Lee's Release Order dated May 6, 2015. *See* ECF Doc. 18. The Defendant would show unto the Court as follows:

1. On Friday, April 10, 2015, law enforcement agents arrested Mr. Doggart pursuant to a criminal complaint. He first appeared before this Honorable Court on Monday, April 13, 2015. The family of Mr. Doggart retained the services of Davis & Hoss, P.C. who has entered a full appearance on his behalf.

2. At the time of Mr. Doggart's arrest, he had no criminal history and had never been arrested previously. He has long ties to this community. He lives on Signal Mountain in Sequatchie County, Tennessee. He has four (4) daughters, two (2) of which reside in Chattanooga. He has several grand-children, four (4) of which reside in Chattanooga. Mr. Doggart previously ran for United States Congress in the Fourth Congressional District in Tennessee in 2014. In that election, he finished third with approximately 9,000 votes. He has a Master's degree and a

1

Doctorate degree in Business Administration which he obtained while working for the Tennessee Valley Authority in or around 1999. Mr. Doggart has over forty (40) years of work experience in the engineering field in a variety of capacities. He is currently working part-time on a project-to-project basis for the British Institute of Non-Destructive Testing (www.bindt.org) and routinely travels to inspect equipment used and sold to Europe.

3. At Mr. Doggart's first court appearance, on April 13, 2015, a United States Pretrial Services Officer had prepared a report recommending Mr. Doggart's release. The report indicated that there were a combination of conditions that would reasonably assure the safety of the community and the defendant's appearance back in Court. For several reasons, which were all agreed upon between the parties, the Court did not conduct a hearing and the matter was continued until April 20, 2015.

4. On April 20, 2015, Magistrate Lee conducted a preliminary hearing and a detention hearing. At this time, the same Pretrial Services Officer revised her report and recommended detention. Magistrate Lee found probable cause and then heard the parties as to detention.

5. In regards to detention, the Court and the parties agreed that the rebuttable presumption did **not** apply this case. The Defendant admitted into evidence an excerpt of the Defendant's medical record from Dr. Steven Daugherty at Catoosa Family Medicine. Mr. Doggart's diagnosis included: chronic pain syndrome, degeneration of lumbar or lumbosacral intervertebral disc, anxiety state (unspecified), osteoarthritis, degeneration of the cervical intervertebral disc, essential hypertension, and rotator cuff sprain and strain. Three (3) of the Defendant's four (4) daughters were present along with his son-in-law.

6. The Defendant proffered that at the time of his arrest, Mr. Doggart was receiving income from two sources: (1) a TVA disability retirement; and (2) social security disability.

Counsel for Mr. Doggart, based upon information provided by family members, proffered that Mr. Doggart's social security disability was from a "combination of impairments" which included both physical disabilities and mental conditions.

7. Magistrate Lee (and the parties) were certainly concerned over Mr. Doggart's mental health conditions and focused the majority of the discussion over this "double-edged sword." Dr. Daugherty's report indicated an unspecified anxiety, but the Defendant reported seeing Dr. Lee Solomon, Behavioral Health and other(s) mental health providers for some time.

8. Because it appeared to Counsel that the Defendant's mental health issues were potentially severe, counsel for the Defendant suggested inpatient mental health treatment as a condition of his release.

9. Magistrate Lee gave the Government the opportunity to present proof, to offer testimony, admit exhibits and to proffer evidence. After hearing from the parties, Magistrate Lee called the United States Pretrial Services officer to testify and asked her additional questions about the Defendant's interview, his mental health, and whether based upon what the pretrial services officer had heard, whether it changed her mind as to release. The pretrial services officer position remained the same, recommending detention.

10. The Government, who was represented by AUSA Perry Piper, obviously did an excellent job, because at the end of the hearing, the Court denied the Defendant's request and detained him. Magistrate Judge Lee stated, "[b]ased on the continuing nature of the offenses shown by proof and the evidence of undefined and potentially disabling mental health issues, and evidence of substance abuse issues, I conclude the defendant is a danger to the community and a risk of non-appearance…" *See* ECF Doc #9.

11. On April 24, 2015, a Bill of Information was filed by the Government charging the Defendant with one (1) count of Interstate Communication of Threats in violation of 18 U.S.C. § 875(c). The Government is correct in that both parties have executed a plea agreement to this count and the parties have been ordered to submit briefs to this Court regarding whether the factual basis constitutes a "true threat" pursuant to 18 U.S.C. § 875(c). Those briefs are due in approximately two (2) weeks.

12. On April 29, 2015, Magistrate Lee emailed counsel for the parties and advised that the Initial Appearance on the Bill of Information would be heard on May 6, 2015. Further, Magistrate Lee in her email stated, "[p]lease come prepared to address the previously undefined mental health treatment/substance abuse issues and options mentioned in the last hearing."

13. Neither party objected to Magistrate Lee revisiting detention. 21 U.S.C. § 3142(f) actually allows this, by providing "the hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

14. On May 6, 2015, the parties again agreed that the rebuttable presumption did **not** apply.

15. Specifically, counsel offered the following:

(A) Social Security Disability records indicating that Mr. Doggart's disability was for a "combination of impairments" which included both physical and mental impairments. The specific records indicated that Mr. Doggart's mental impairments consisted of "depression" and

4

"personality disorder."[1]  Further, the records indicate that his mental conditions were "severe" in nature.

(B) The Defendant introduced a collective exhibit of photographs including multiple certificates and awards that have been presented to the Defendant over the years including:

a. Master of Science in Business Administration from LaSalle University;
b. Doctor of Philosophy in Business Administration from LaSalle University;
c. Certificate of a Quality Engineer from the American Society for Quality Control;
d. Bachelor of Science in Applied Science and Technology from Thomas A. Edison State College;
e. Plaque acknowledging his presidency of the American Society for Nondestructive Testing (ASNT);
f. Certificate of Appreciation from ASNT;
g. Certificate acknowledging his position as a Director-at-Large of the ASNT;
h. Certificate acknowledging his position as NDT Level III with ASNT;
i. Certificate acknowledging that he is a "Seventeen Gallon Donor" for Blood Assurance;
j. Certificate acknowledging that he is a Fellow with the ASNT ;
k. Certificate of Appreciation from the ASNT;
l. Plaque from Hamilton County Regional Health Council for "Outstanding Service";
m. Certificate in Recognition from the Board of Directors of Smile Train;
n. Certification of Honor from the Disabled Veterans Commanders Club;
o. Certificate of Charter Membership from the George W. Bush Presidential Center;
p. Certificate of Nomination for Honorable Service in the United States Armed Forces by the American Legion;
q. Correspondence acknowledging his work with the British Institute of Non-Destructive Testing;
r. Letter acknowledging his role as an ordained minister at Christian National Church[2];

---

[1] Counsel showed these social security disability records to the Court and Counsel for the Government, but did not admit these records as exhibits.
[2] The Government received a copy.

(C) Lastly, counsel further proffered that the family retained a Vanderbilt psychologist, Dr. Kimberly Brown[3], who evaluated the Defendant on May 5, 2015 at the Hamilton County Jail. Counsel advised that Dr. Brown was awaiting some medical records from other providers and that she needed to conduct family interviews. Counsel advised that she has not diagnosed the Defendant at this stage, but that she did not feel that the Defendant was a danger to himself, and that he would greatly benefit from outpatient psychological treatment.

16. In addition, Counsel advised the Court that Mr. Doggart had no objection to home monitoring, a curfew or any other condition that the Court deemed appropriate.

17. The Court asked Mr. Doggart if he had family members who were willing to act as third-party custodians. Two (2) of the Defendant's daughters, Christy Atkins and Terri Lee, were present and agreed to act as third party custodians and supervise their father. Both reside in Chattanooga and are willing to check on him daily. Each agreed in open court to hold the Defendant to his conditions and further agreed to alert the Court of any violations of this Court's Order.

18. The Court, having heard from all parties, and after giving the Government every opportunity to present additional evidence and to argue their position, found that there were a combination of conditions that would reasonably assure his appearance and protect the safety of the public. Those conditions consisted of many requirements. See ECF Doc. #19 and 20. Some of the pertinent conditions were as follows: (a) home detention, (b) electronic monitoring, (c) mental health treatment, (d) drug and alcohol treatment, (e) no alcohol; (f) no internet; (g) a $30,000 unsecured bond; and (h) having his two daughters act as third-party custodians.

---

[3] This Court has previously found Dr. Brown to be qualified as an expert witness in an unrelated case.

19. Immediately following the hearing, the Government filed the instant motion seeking to stay and revoke Magistrate Lee's order of release.

## ARGUMENT

The Government is correct in that this Court's review of Magistrate Lee's release order is *de novo*. *United States v. Hernandez*, 2002 WL 1377911 (E.D.Tenn. Feb. 27, 2002) citing *United States v. Williams*, 948 F.Supp. 692, 293 (E.D.Mich. 1996).

However, this Court should find that Magistrate Lee's release order is reasonable and appropriate under the factors outlined in 18 U.S.C. §3142(g) and that those four (4) factors weigh in favor of release given the combination of conditions that Magistrate Lee has put in place. Again, this is a case in which all parties agreed that the rebuttable presumption did **not** apply. Regarding those four (4) factors, Mr. Doggart submits the following:

First, both parties agreed before Magistrate Lee that a violation of 18 U.S.C. § 875(c) was a crime of violence. This is not a new assertion. Magistrate Lee made the same finding. However, the government conceded that the rebuttable presumption did not apply and that the Defendant faced a sentence of 0 to 5 years.

Second, both parties agreed and Magistrate Lee acknowledged that the presence of a plea agreement between the parties was certainly an indication that the Government's evidence against this Defendant was sufficient to sustain a conviction. This is also not a new assertion but rather something Magistrate Lee considered.

Nevertheless, Magistrate Lee found that the other two (2) factors weighed in favor of release.

Specifically, Mr. Doggart has no criminal record whatsoever, forty (40) plus years working in the engineering field with TVA as his employer, among others, long standing ties to this

7

community, a failed congressional race which yielded 9,000 votes just last year, a home in this district, two (2) daughters in this district, grand-children in this district, the highest educational degrees that can be conferred upon a citizen, and dozens of records of achievement. Mr. Doggart submitted these to Magistrate Lee for her consideration. Probably the most telling, Magistrate Lee asked the Government if they had any evidence that Mr. Doggart has done something similar like the instant allegations in his past. To that question, the Government responded, "no."

In regards to the substance abuse "issues", Mr. Doggart explained to Magistrate Lee that he had been prescribed Hydrocodone and Xanax by his treating physician, Dr. Daugherty, both lawfully, and upon his arrest, and while at the jail, he was experiencing some side effects from coming off of those medicines. There were no allegations that he was ever using any illegal drugs of any kind.

Seemingly, the Government's biggest argument is the uncertainty with his mental state which they believe makes him a danger to the community. Following the email from Magistrate Lee requesting more specific evidence of his mental conditions, Mr. Doggart presented evidence of a specific diagnosis and finding by the Social Security Disability Office for depression and personality disorder. He has been ordered to undergo psychiatric counseling by Magistrate Lee. He is being seen by Dr. Kimberly Brown who is examining no only his conduct, but his mental health history for the purpose of mitigation at sentencing. Given that Mr. Doggart is on home detention and house monitoring without anywhere to go, and given that he can no longer access the internet, use alcohol, or make contact with anyone involved in this case, he is not a danger to the community. These conditions are sufficient to protect the community in this case.

Mr. Doggart submits that this Court should DENY the Government's request to stay and their motion to revoke Magistrate Lee's release order.

Respectfully Submitted,

**DAVIS & HOSS, P.C.**

<u>s/Bryan H. Hoss</u>
Bryan H. Hoss, BPR #021529
Janie Parks Varnell, BPR #031256
*Attorneys for the Defendant*
850 Fort Wood Street
Chattanooga, TN 37403
(423) 266-0605
(423) 266-0687 – fax
bryan@davis-hoss.com
janie@davis-hoss.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

     This the 7th day of May, 2015.

                                                s/Bryan H. Hoss

9

Case 1:15-cr-00039-CLC-SKL   Document 22   Filed 05/07/15   Page 9 of 9   PageID #: 106