UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) No. 1:15-cr-39-CLC-SKL-1 |
| | ) |
| | ) |
| ROBERT R. DOGGART | ) |

# ORDER

Before the Court is Defendant's Motion for Authorization and Payment for Investigative Services [Doc. 139] supported by the affidavit of counsel [Doc. 139-1] and a further ex parte supplemental filing [Doc. 144] and numerous supporting documents and affidavits [Doc. 144-1 to 144-7]. Defendant asks the Court to authorize payment of an investigator because "does not have adequate resources to pay [his retained counsel] in full at the present time," nor "does he have resources to pay for the investigator his defense attorneys have informed him is necessary if he is to be adequately represented." [Doc. 139 at Page ID # 961. The Government filed a response stating it has no objection to the motion [Doc. 142].

The Criminal Justice Act provides that the United States must bear the expense of counsel ". . . for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). "Any doubts as to the person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time." Guide to Judiciary Policy, Volume 7A, Chapter 2 (Appointment and Payment of Counsel) § 210.40.30(b). *See also United States v. Gibson*, No. 1:13CR49-01, 2015 WL 853415, at *3 (N.D. Ohio Feb. 26, 2015).

Court authorized investigative services in cases where a defendant has retained counsel are

governed by the Guide to Judiciary Policy, Volume 7A, Chapter 3 at §310.10.10, which provides:

> (a) Investigative, expert or other services necessary to adequate representation, as authorized by subsection (e) of the Criminal Justice Act (CJA) (18 U.S.C. § 3006A), are available to persons who are eligible under the CJA, including persons who have retained counsel but who are found by the court to be financially unable to obtain the necessary services. (b) In this connection, a person with retained counsel is financially unable to obtain the necessary services if the person's resources are in excess of the amount needed to provide the person and the person's dependents with the necessities of life, provide defendant's release on bond, and pay a reasonable fee to the person's retained counsel, but are insufficient to pay for the necessary services.

Defendant seeks what appears to be a reasonable amount to secure the services of a reputable investigator at a presumptively reasonable hourly rate. Defendant has identified specific tasks for the investigator, and has explained the reasons for his inability to privately pay for said investigator at this time. The Court has conducted an ex parte review of the fee arrangement with counsel and it is neither excessive nor unreasonable. *See* Guide to Judiciary Policy, Volume 7A, Chapter 2, § 310.10.20(b). However, Defendant is currently experiencing cash flow issues that prevent him from hiring an investigator according to his ex parte financial submissions. Under these circumstances, the Court will authorize payment of up to $2,250.00 for the requested investigative services. *See United States v. Bennett*, No. 3:07-CR-81, 2008 WL 356529, at *2-3 (E.D. Tenn. Jan. 30, 2008).

Accordingly, Defendant's Motion for Authorization and Payment for Investigative Services [Doc. 139] is **GRANTED**, however, Defendant is **ORDERED** to reimburse the Clerk of Court for the amount paid to the said investigator upon the anticipated correction of his cash flow issues. *See id*. (holding "the judicial officer . . . should direct [defendant] to pay the available excess funds to the clerk of the court at the time of such appointment and from time to time

2

thereafter.") (quoting Guide to Judiciary Policy, Volume 7A, Chapter 2 at § 2.10.40.40)).

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3