UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cr-39-CLC-SKL-1 |
| | ) | |
| ROBERT R. DOGGART | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is a motion to compel discovery, with a supporting memorandum, filed by Defendant Robert R. Doggart ("Defendant") [Docs. 137 & 138]. Defendant asks the Court to compel the following discovery pursuant to Fed. R. Crim. P. 16(a)(1)(E)(i): (1) any report by the Federal Bureau of Investigation ("FBI") or other government agency addressing allegations that the community of Islamberg near Hancock, New York, poses a possible threat of terrorism, and (2) the discovery materials provided to defendant William Tint in Case No. 6:15-cr-368 in the United States District Court for the District of South Carolina [Doc. 137 at Page ID # 951]. The United States of America ("Government") filed a response in opposition to the motion [Doc. 140]. Defendant filed a reply [Doc. 143], and this matter is now ripe.

### I.  STANDARDS

There is no general constitutional right to discovery in a criminal case, and *Brady v. Maryland*, 373 U.S. 83 (1963), did not create one. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Federal Rule of Criminal Procedure 16 provides a mechanism for pretrial discovery and inspection. *See United States v. Turner*, 274 F. Supp. 412, 417 (E.D. Tenn. 1967). Rule 16 provides in pertinent part that

> [u]pon a defendant's request, the government must permit the
> defendant to inspect and to copy or photograph books, papers,

> documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense.

Fed. R. Crim. P. 16(a)(1)(E)(i).

To obtain requested discovery under Rule 16, the defendant must make a *prima facie* showing of materiality. *United States v. Gibbs*, 646 F. App'x 403, 412 (6th Cir. 2016) (quoting *United States v. Lykins*, 428 F. App'x 621, 624 (6th Cir. 2011); *United States v. Phillip*, 948 F.2d 241, 250 (6th Cir. 1991). The United States Supreme Court has concluded that "defense" under Rule 16(a)(1)(E)(i) means "a defendant's response to the Government's case in chief." *Gibbs*, 646 F. App'x at 412 (quoting *United States v. Robinson*, 503 F.3d 522, 531 (6th Cir. 2007) (internal quotation marks omitted). "In assessing materiality, [the court] consider[s] the logical relationship between the information withheld and the issues in the case, as well as the importance of the information in light of the evidence as a whole." *Lykins*, 428 F. App'x at 624. "A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant[.]" *United States v. Rankin*, No. 16-3047, slip op. at 4 (6th Cir. Oct. 31, 2016) (quoting *United States v. Dairy Farmers of Am., Inc.*, 426 F.3d 850, 862 (6th Cir. 2005)).

## II. ANALYSIS

Defendant is charged in a four-count Superseding Indictment alleging solicitation to commit a civil rights violation and solicitation to commit arson of a building pursuant to 18 U.S.C. §§ 373 and 247, plus communicating threats on two different dates in interstate commerce in violation of 18 U.S.C. § 844(e) [Doc. 84]. As pertinent, Count One charges Defendant with soliciting another person "to intentionally damage and destroy religious real property, and attempt to do so, because of the religious character of that property, that is, a mosque in the state of New York" in violation of 18 U.S.C. § 247(a)(1) and § 373 [*id.* at Page ID

2

# 437]. The "because of" language in the motive element of § 247(a)(1) requires a showing of but-for causation as to Defendant's motivation, meaning "the straw that broke the camel's back." *United States v. Miller*, 767 F.3d 585, 591-592 (6th Cir. 2014); *see also Burrage v. United States*, 134 S. Ct. 881, 888 (2014). "The general rule in criminal cases is that 'intent may be inferred from the totality of circumstances surrounding the commission of the prohibited act.'" *United States v. Al–Zubaidy*, 283 F.3d 804, 809 (6th Cir. 2002) (quoting *United States v. Stagman*, 446 F.2d 489, 493 (6th Cir. 1971)). Evidence is relevant if it tends to make a fact more or less probable than it would be without the evidence. Fed. R. Evid. 401.

A. **ISLAMBERG INVESTIGATION REPORTS**

Defendant argues that evidence of any investigation of Islamberg as a possible terrorist location or threat by the FBI or other governmental agency is material to Defendant's defense because such evidence would support the reasonableness of his "concern about a possible link between Islamberg and terrorism" and that his "concern had to do with terrorism and not religion" [Doc. 138 at Page ID # 958]. The Government argues that any information unknown to Defendant at the time of the charged conduct is not relevant and thus not material to preparing his defense under Rule 16 [Doc. 140 at Page ID # 964].

The Government contends that to prove Defendant solicited another person to destroy the mosque in Islamberg "because of" the mosque's religious character, it must prove the attack would not have occurred "but for" the mosque's religious character [Doc. 140 at Page ID # 966]. The Government explains that it will use Defendant's recorded statements (and social media posts) as evidence of Defendant's motive to target and burn down the mosque [*id.*].[1] The

---

[1] In previous orders, the Court set forth the alleged facts surrounding this matter, and the Court incorporates by reference, but will not recite, those facts herein [Doc. 146; *see also* Doc. 131, adopted by Doc. 146].

3

Government concedes that "Islamberg has been the subject of repeated internet rumors concerning allegations that the community is connected to terrorist activities" and that some of these internet sources "also reported that local, state and federal agencies have investigated the community for possible ties to terrorism" [*id.*]. The Government also agrees that any personal knowledge that Defendant had of such internet sources is relevant to Defendant's motivation. However, the Government argues that evidence from investigative agencies about whether they actually investigated Islamberg and the outcome of any such investigation that was unknown to Defendant at the time of his alleged criminal conduct, is not relevant to Defendant's belief, motivation, or intent at the time of the charged conduct [*id.* at Page ID # 967].

In his reply, Defendant contends that any evidence of the Government's investigation of Islamberg is a "highly relevant circumstance" surrounding his conduct from which the jury could determine his intent [Doc. 143 at Page ID # 978]. Defendant argues that, if the circumstances surrounding his conduct show "widespread concern about the possibility that Islamberg was a terrorist front," then such circumstances would support a conclusion that Defendant's concerns pertained "to a building that was a possible source of terrorist activity." [*Id.*].

Defendant cites to Sixth Circuit Pattern Jury Instruction 2.08 to support his contention that the alleged reports are relevant to his intent, but Instruction 2.08 is unavailing. This pattern jury instruction provides, in relevant part, that "a defendant's state of mind can be proved indirectly from the surrounding circumstances. . . . [which] includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind." Pattern Crim. Jury Instr. 6th Cir. 2.08 (2013 ed.). Contrary to Defendant's contention, Instruction 2.08 actually supports the Government's position that what is relevant and material to determine Defendant's

4

motive or intent at the time of the charged conduct is the evidence and circumstances that show what was in *Defendant's* mind—i.e., the information that Defendant was aware of at the time of the charged conduct.

The Count finds that the requested reports of any governmental investigation that Defendant had not seen at the time of his alleged conduct could not form the basis of Defendant's motive and, thus, is not relevant or material to Defendant's preparation of his defense. *See United States v. Jack*, 263 F.R.D. 640, 644 (E.D. Cal. 2010) (holding that defendants failed to establish the materiality of a "genocide order" sought from the government because what was relevant to establish a "defense of others" defense was the defendants' own state of mind when they acted, not what was later discovered to exist in government files); *see also United States v. Secord*, 726 F. Supp. 845, 848-49 (D.D.C. 1989) ("To affect Defendant's state of mind, his specific intent, a piece of information must have been perceived by him *personally*, or been conveyed to him via his contacts in the Executive Branch. . . . The point is simply that Defendant's state of mind can come only from what he hears or sees.").[2]

The Court concludes that Defendant has not carried his burden to establish that reports of any investigation of Islamberg as a terrorist location or threat are material to his defense. Accordingly, the aspect of Defendant's motion seeking to compel any such reports is **DENIED**.

### B. DISCOVERY MATERIALS PROVIDED TO MR. TINT

Defendant also argues that he is entitled to receive a copy of the discovery materials provided to William Tint in the criminal case pending against Mr. Tint in the United States District Court for the District of South Carolina (Case No. 6:15-cr-368). Mr. Tint was initially

---

[2] The Court of Appeals for the District of Columbia in *United States v. Sun-Diamond Growers of California*, 138 F.3d 961, 964 (D.C. Cir. 1998), declined to follow *Secord* on other grounds; however, *Secord* remains good law for the proposition cited herein.

named in the criminal complaint in this matter, but he was not named as a defendant in the pending Superseding Indictment. Defendant contends that because the Government views the case against Mr. Tint and the case against Defendant as intertwined and because certain information pertinent to Defendant's case was provided to Mr. Tint, Defendant should receive access to the discovery from Mr. Tint's case [Doc. 137 at Page ID # 951-52]. In its response, the Government assures Defendant that it will comply with all of its disclosure obligations under the Jencks Act and *Brady* (and its progeny), and that it has no plans to deviate from its practice of providing these materials well in advance of trial [Doc. 140 at Page ID # 971]. In his reply, Defendant appears to concede that such Government's assurances alleviate his primary concern and reason for requesting the discovery from Mr. Tint's case [Doc. 143 at Page ID # 979].

Based on the parties' representations, it appears the request for discovery materials provided to Mr. Tint has been resolved based on the Government's assurance that it will comply with all of its disclosure obligations under the Jencks Act and *Brady*. As a result, the aspect of Defendant's motion to compel discovery provided to Mr. Tint is **DENIED AS MOOT.**

### III. CONCLUSION

Accordingly, for the reasons explained herein, Defendant's motion to compel discovery [Doc. 137] is **DENIED**.

SO ORDERED.

ENTER:

                                            s/ *Susan K. Lee*
                                            SUSAN K. LEE
                                            UNITED STATES MAGISTRATE JUDGE