# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT of TENNESSEE
# at Chattanooga

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **1:15-cr-39** |
| **v.** | ) | |
| | ) | **Judge Collier/Lee** |
| **ROBERT R. DOGGART** | ) | |

## UNITED STATES' MOTION IN LIMINE

COMES NOW the United States of America by and through Nancy Stallard Harr, United States Attorney for the Eastern District of Tennessee, Perry H. Piper, Assistant United States Attorney, and Saeed A. Mody, Trial Attorney, and respectfully requests that this Court exclude any questioning of witnesses pertaining to investigations into or allegations of illegal activities by the Islamberg community, The Muslims of America ("TMOA"), and the sheikh who founded the Islamberg community. The government submits that any mention of these investigations or allegations during questioning of witnesses or opening statement is not relevant to the crimes charged.

## LAW AND ARGUMENT

To prove that the defendant solicited another person to destroy the mosque in Islamberg "because of" the mosque's religious character, as alleged in Count One of the Superseding Indictment, the government must prove that the attack would not have occurred but for the mosque's religious character. The government does not have to prove that the religious character of the mosque was the sole or only motive for the attack. *See Burrage v. United States*, 134 S. Ct. 881, 889 (2014) (defining but-for causation as a cause that is "the straw that broke the camel's back," regardless of whether other contributing factors are present); *United States v. Miller*, 767 F.3d 585 (6th Cir. 2014) (noting that, to satisfy "because of" element of 18 U.S.C. § 249 ("Hate

Crimes Act"), protected characteristic need only be "the straw that broke the camel's back") (internal quotation marks omitted).

This Court previously ruled that information relating to any alleged state or federal investigation, which was outside the defendant's knowledge, is not relevant to determining his intent and therefore is inadmissible. *See* Doc. 152 at 3 (citing Doc. 149 at 5) (Memorandum and Order of Magistrate Judge Lee) ("The Court finds that the requested reports of any governmental investigation that Defendant had not seen at the time of his alleged conduct could not form the basis of Defendant's motive and, thus, is not relevant or material to Defendant's preparation of his defense."). Additionally, this Court ruled that "any government investigation for potential terrorist activity at the property allegedly targeted here, regardless of the results, makes it neither more nor less likely that it was in fact also religious property." *See* Doc. 152 at 4-5.

For the same reasons that those state and federal investigations unknown to the defendant are not relevant or material to the defendant's preparation of his defense, the defendant should also not be permitted to question any witnesses regarding those investigations or other allegations of illegal activity by the Islamberg community, TMOA, or Sheikh Mubarak Ali Giliani, the Pakistani cleric who founded the Islamberg community in 1980. A witness' personal knowledge of these investigations or allegations is not relevant to the crimes charged or the defendant's state of mind. Evidence is relevant if it tends to make a fact "more or less probable than it would be without the evidence." Fed. R. Evid. 401. Although, the defendant's knowledge of allegations connecting Islamberg to illegal activity are relevant to his motive to attack the mosque, other witnesses' personal knowledge of that information is not. As such, these investigations and allegations of illegal activity are not admissible, and the defendant should not be allowed to mention them during questioning of witnesses or during opening statement.

**CONCLUSION**

Based upon the foregoing, the government submits that any reported investigation or allegation of illegal activities by the Islamberg community, TMOA, or their sheikh is not relevant to the crimes charged. Therefore, the defendant should be excluded from questioning any witness about their personal knowledge of these investigations or allegations or from mentioning them in opening statement.

    Respectfully submitted,

    NANCY STALLARD HARR
    United States Attorney

    By: s/ Perry H. Piper
    Perry H. Piper
    Assistant United States Attorney

    By: s/Saeed A. Mody
    Saeed A. Mody
    Trial Attorney
    Civil Rights Division

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

    s/ Perry H. Piper
    Perry H. Piper
    Assistant U. S. Attorney