UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | 1:15-cr-39 |
| v. | ) | |
| | ) | Judge Collier |
| ROBERT R. DOGGART | ) | Magistrate Judge Lee |

**MEMORANDUM & ORDER**

Before the Court is a motion by Defendant, Robert R. Doggart, to be released on bond pending his resentencing hearing. (Doc. 327.) Defendant also filed a supplemental motion. (Doc. 328.) The United States (the "Government") responded in opposition (Doc. 331), and Defendant replied (Doc. 332). Defendant filed an additional supplement, titled as a third supplement. (Doc. 333.) For the reasons discussed below, the Court **DENIES** Defendant's motion.

**I.     BACKGROUND**

This case is before the Court on a second remand from the Court of Appeals for the Sixth Circuit. (Docs. 323, 324.) Following a conviction at trial, Defendant was sentenced to 235 months of imprisonment, three years of supervised release, and a $200 special assessment. (Doc. 249.) Defendant's sentence of imprisonment consisted of 120 months for solicitation to commit a civil rights offense by using a dangerous weapon, explosives, or fire to damage or destroy religious property because of the religious character of the property under 18 U.S.C. § 247(a)(1) and 18 U.S.C. § 373, and 115 months for solicitation to commit arson of a building under 18 U.S.C. § 844(i) and 18 U.S.C. § 373, to be served consecutively. (*Id.*) The target of both crimes was the self-titled community of Islamberg, New York. The Court of Appeals affirmed Defendant's

conviction for solicitation to damage religious property and reversed his conviction for solicitation to commit federal arson, finding the targeted property was not used in interstate commerce or in any activity affecting interstate commerce. (Doc. 323.) The Court of Appeals remanded the case for Defendant to be resentenced. (*Id.*; *see also* Doc. 324 [Mandate].) Defendant's resentencing hearing is scheduled for June 17, 2020. (Doc. 325.)

Defendant was on bond without significant incident from May 2015 until the jury's verdict on February 16, 2017, except during a custodial psychiatric examination for several months during the spring of 2016. (Doc. 212.) Following the jury's verdict, the Court revoked Defendant's bond and remanded him to the custody of the U.S. Marshal. (Doc. 176.) The Court denied Defendant's subsequent motion for reinstatement of bond pending sentencing, finding Defendant failed to establish by clear and convincing evidence that he was not likely to flee or pose a danger to other persons or the community. (Doc. 212.)

## II. STANDARD OF REVIEW

Release of a defendant after conviction and before sentencing is governed by 18 U.S.C. § 3143. Fed. R. Crim. P. 46(c). That statute, part of the Mandatory Detention Act, 18 U.S.C. §§ 3141 *et seq.* (the "Act"), creates a rebuttable presumption in favor of detaining a person who has been found guilty of a crime. *See United States v. Parrett*, 486 F. App'x 544, 548 (6th Cir. 2012) (citing 18 U.S.C. § 3143(a)).

A defendant may rebut the presumption in favor of detention. First, the judge must either find "a substantial likelihood that a motion for acquittal or new trial will be granted," or the government must have recommended that the defendant not be sentenced to a term of imprisonment. 18 U.S.C. § 3143(a)(2)(A). Second, in addition to satisfying either of the two

foregoing conditions, the judge must find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community."  18 U.S.C. § 3143(a)(2)(B).

In the alternative, even if a defendant is subject to detention under 18 U.S.C. § 3143(a)(2) as described in the preceding paragraph, the defendant may be released "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c); *see also United States v. Christman*, 596 F.3d 870, 870–71 (6th Cir. 2010) (holding district court erred in not considering whether defendant who was subject to detention under 18 U.S.C. § 3143(a) had shown exceptional reasons to support his release pending sentencing under 18 U.S.C. § 3145(c)).  The judge must still, however, find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," whether the person is released on the person's own recognizance or on bond.  18 U.S.C. § 3145(c) (incorporating by reference 18 U.S.C. § 3143(a)(1)).

The "clear and convincing" standard applies only to whether the defendant is likely to flee or pose a danger to others.  *See United States v. Roth*, 642 F. Supp. 2d 796, 798 (E.D. Tenn. 2009). Exceptional reasons for release under § 3145(c) must be "clearly shown."  18 U.S.C. § 3145(c).

### III.  DISCUSSION

Defendant moves for bond pending his resentencing hearing.  (Docs. 327, 328, 333.)  He relies on 18 U.S.C. § 3145(c), which requires a showing by clear and convincing evidence that he

is not likely to flee or pose a danger to any other person or the community and a clear showing of exceptional circumstances justifying release.[1]

Defendant argues he is not a flight risk, in that he complied with his pretrial release conditions, he is "extremely motivated to fight his conviction and clear his name," he wants to be near his daughters in Hamilton County, Tennessee, and he has numerous health conditions that require continuing medical care. (Doc. 327 at 4.) The Government does not address Defendant's risk of flight directly. (*See* Doc. 331 at 8 (quoting Doc. 327 at 2).)

Defendant argues he is not a risk to the community because, despite the Court's observation that he was delusional about Islamberg, he did not engage in any conduct that could be construed as a threat to or solicitation regarding Islamberg during his lengthy pretrial release. (Doc. 327 at 4–5.) Nor, he argues, did he engage in any dangerous conduct while incarcerated, even though he has had access to email, the telephone, and the mail. (Doc. 332 at 1–2.) He argues the evidence at trial never showed he started a trip to Islamberg. (Doc. 327 at 5.) As to his state of mind, Defendant argues the Government has not offered any evidence that Defendant remains fixated on harming Islamberg. (Doc. 332 at 2.) He argues that, despite the mental-health issues that contributed to his fixation on Islamberg, he has not made any further threats against that community, but has become obsessed instead with exonerating himself and planning his future professional life. (*Id.*) Finally, he argues he has every motivation to comply with any release

---

[1] In his initial motion, Defendant asserts that his guideline range will be 51 to 63 months, and that, considering good-time credit, he has served nearly that time in custody. (Doc. 327 at 1.) This would be relevant under 18 U.S.C. § 3143(a)(2)(A)(ii) as to whether the Government is recommending no sentence of imprisonment. The Government responds that it intends to seek a sentence substantially higher than the range Defendant identifies, either through a terrorism enhancement or a departure. (Doc. 331 at 5–7.) Defendant does not address this point further in his reply. (*See* Doc. 332.) Because the procedural posture of the case also makes it not substantially likely that a motion for acquittal or new trial will be granted, *see* 18 U.S.C. § 3143(a)(2)(A)(i), the Court will consider Defendant's motion under 18 U.S.C. § 3145(c).

4

conditions that may be imposed, as his post-conviction conduct will be relevant when the Court sets his new sentence.[2] (Doc. 327 at 5.)

The Government argues that neither Defendant's health conditions nor his advancing age decrease his dangerousness to society, because he was older and already in poor health when he committed his offense conduct. (Doc. 331 at 8.) The Government further argues that Defendant's offense conduct involved his powers of persuasion, which have not diminished with age. (*Id.*) The Government points to statements in Defendant's recorded calls indicating that he did not fear death and suggests that his advancing age may make Defendant more dangerous, not less, if he believes he is running out of time to do something important to him. (*Id.*)

Defendant bears the burden of showing by clear and convincing evidence that he is not likely to pose a danger to any other person or the community. *Roth*, 642 F. Supp. 2d at 798. His assertions that the Government has not offered evidence that he is still fixated on harming Islamberg or that he took harmful actions while on pretrial release or incarcerated therefore seek to reverse the burden of proof.

The Court credits Defendant's counsel's assertion that Defendant is now obsessed with clearing his name in this case. But this does not satisfy Defendant's burden of proof as to release pending resentencing, for three reasons. First, as Defendant and the Government both acknowledge, Defendant's patterns of grandiose and fixated thinking appear to be related to

---

[2] Defendant also argues that the Government should not oppose his motion because one of the attorneys for the Government did not think Defendant's bond should have been revoked pending sentencing, and nothing has happened that should have changed that. (Doc. 332 at 1 (citing Doc. 292 at 10 (attorney for Government notes in context of motion for detention pending sentencing that his co-counsel "is not in agreement with me on this issue," after addressing whether Defendant's confinement should be delayed until he could be in a facility that could address his mental-health needs and before addressing whether the Mandatory Detention Act applied)).) Regardless of the issue on which the Government's two attorneys disagreed, the Court determines the issue based on the current facts.

5

Defendant's mental-health issues. There is no evidence before the Court of any improvement or amelioration of those issues. Second, while Defendant's current obsession revolves around his legal situation, a desire to harm the community which is at the center of the case against him is not inconsistent with an obsession with proving himself right, nor is there any evidence that it is unlikely that the focus of his obsession could shift again in a dangerous direction with a change in circumstances.

Third, an obsession with exonerating himself in the face of the evidence at trial shows that Defendant still has no remorse regarding his offense conduct. The evidence at trial included Defendant's own statements about killing people in an attack on Islamberg's mosque. It also included Defendant's travel, while armed, to meet with and solicit others to attack Islamberg. Given the nature of Defendant's offense, Defendant's obsession with clearing his name leaves the Court unconvinced that he is unlikely to harm others if released, even if the Court were to impose conditions on his internet use.

The Court accordingly finds Defendant has not established by clear and convincing evidence that he is not likely to pose a danger to other persons or the community.

Defendant argues exceptional circumstances justify his release in that his age and serious heart conditions put him at a high risk of complications and death if he contracts COVID-19. (Doc. 327 at 9.) He notes the increasing numbers of diagnosed cases of COVID-19 in Bureau of Prisons facilities over the course of his filings, culminating in noting that there appears to be an active outbreak of the virus in his unit, and the BOP reported five inmates and one staff member had tested positive at his facility as a whole as of April 29, 2020.[3] (*See, e.g.*, Docs. 327 at 8–9, 328 at

---

[3] As of May 4, 2020, the BOP reported forty-seven inmates and one staff member had tested positive for COVID-19. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed May 4, 2020).

1, 332 at 2, 333 at 1.) He observes that the real scope of the problem is unknown, given the small numbers of tests that have been administered. (Doc. 327 at 9.) He further notes that he will need to be transported to a local pretrial facility for his resentencing hearing, and that such facilities create an ideal environment for the transmission of contagious diseases. (*Id.* at 6–7.)

The Government acknowledges that "some courts have determined that the heightened threat posed by COVID-19 to an inmate with a documented risk factor in a detention facility with confirmed cases of COVID-19 presents a 'unique combination of circumstances' that meets the exceptional circumstances requirement." (Doc. 331 at 9 (quoting *United States v. Felix*, Case No. 5:19CR711, 2020 WL 1677494, at *2 (N.D. Ohio Apr. 6, 2020)).)

Defendant has not shown by clear and convincing evidence that he is not likely to pose a danger to other persons or the community. Because such a finding is a requirement for release pending resentencing, a finding regarding exceptional circumstances is not necessary to the Court's disposition of Defendant's motion.

IV. **CONCLUSION**

Defendant has not shown by clear and convincing evidence that he is not likely to pose a danger to other persons or the community. The Court accordingly **DENIES** Defendant's motion for release on bond pending resentencing, as supplemented (Docs. 327, 328, 333).

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**